UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKAN MILLS, CDCR #P-11240,<br><br>         Plaintiff,<br><br>vs.<br><br>PATRICIO, Correctional Officer; VALENCIA, Correctional Officer; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>         Defendants. | Case No.: 25-cv-02158-AJB-DEB<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FOR FAILURE TO PROPERLY MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |

## INTRODUCTION

Plaintiff Jakan Mills ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff alleges correctional officers at RJD violated his constitutional rights by making racist comments and discriminating against him. (*See id.*) For the reasons discussed below, the Court dismisses the case without prejudice.

**FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS**

Generally, parties initiating a civil action in a district court of the United States, must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("*Cervantes*"). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an *affidavit* that includes a statement of all assets possessed and which demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (emphasis added). In support of this affidavit, prisoners like Plaintiff must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). It is from the certified trust account statement that the Court assesses an initial payment. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments and forwards them to the Court, as outlined in 28 U.S.C. § 1915(b)(2), until the entire filing fee is paid. *See Bruce*, 577 U.S. at 85–86.

Here, Plaintiff did not pay the filing fee required to commence a civil action when he filed his Complaint. Nor has he filed a Motion to Proceed IFP, which includes *both* the affidavit required by 28 U.S.C. § 1915(a)(1) and the certified copy of his trust account statements required by 28 U.S.C. § 1915(a)(2). While RJD has submitted a copy of Plaintiff's prison certificate and a printout of his trust account activity on Plaintiff's behalf, (*see* Doc. No. 2), this accounting, unless accompanied by a motion and affidavit submitted by Plaintiff, is insufficient. "The *in forma pauperis* statute authorizes courts to allow '[1]

2

25-cv-02158-AJB-DEB

1  the commencement, prosecution or defense of any suit, action or proceeding, civil or
2  criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a
3  person who [2] makes affidavit that he is [3] unable to pay such costs or give security
4  therefor.'" *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S.
5  194, 214 (1993) (quoting 28 U.S.C. § 1915(a)). "When a claim of poverty is made under
6  section 1915 it is proper and indeed essential for the supporting affidavits to state the facts
7  as to affiant's poverty with some particularity, definiteness and certainty." *United States v.*
8  *McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). And here, Plaintiff has failed to provide the
9  required affidavit.

10  Therefore, unless Plaintiff either pays the filing fee "upfront," *Bruce*, 577 U.S. at 86,
11  or files a properly supported Motion to Proceed IFP that includes an affidavit that meets
12  the requirements set out in 28 U.S.C. § 1915(a)(1), his case cannot proceed. *See* 28 U.S.C.
13  § 1914(a); *Cervantes*, 493 F.3d at 1051.

## CONCLUSION

15  Accordingly, the Court:

16  (1) **DISMISSES** this action without prejudice based on Plaintiff's failure to pay
17  the $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a), and his failure
18  to properly move to proceed IFP pursuant to 28 U.S.C. § 1915(a).

19  (2) **GRANTS** Plaintiff **forty-five (45) days leave from the date of this Order**
20  to re-open his case by either: (a) prepaying the entire $405 civil filing and administrative
21  fee required by 28 U.S.C. § 1914(a); or (b) completing and filing a Motion and Declaration
22  in Support of Motion to Proceed IFP that complies with 28 U.S.C. § 1915(a)(1), (2) and
23  S.D. Cal. CivLR 3.2.b.

24  (3) **DIRECTS** the Clerk of the Court to provide Plaintiff with a Court-approved
25  form "Motion and Declaration in Support of Motion to Proceed IFP" for his use and
26  convenience. Should Plaintiff fail to pay the $405 filing fee in full or sufficiently complete
27  and file the attached Motion and Declaration to Proceed IFP within 45 days, this action
28  will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without

further Order of the Court.[1]

**IT IS SO ORDERED.**

Dated: September 16, 2025

Hon. Anthony J. Battaglia
United States District Judge

---

[1] Plaintiff is cautioned that, if he chooses to re-open the case by either prepaying the full $405 civil filing fee, or by submitting a properly supported Motion to Proceed IFP, his Complaint will be subject to an initial review and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full filing fee at once, or is granted IFP status and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").