UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKAN MILLS, CDCR #P11240, <br><br> Plaintiff, <br><br> vs. <br><br> CORRECTIONAL OFFICER PATRICIO; CORRECTIONAL OFFICER VALENCIA; AND CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, <br><br> Defendants. | Case No.: 25-cv-2158-AJB-DEB <br><br> **ORDER:** <br><br> **(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND** <br><br> **(2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

Plaintiff Jakan Mills is a state inmate currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, proceeding pro se with a civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) After the Court dismissed this civil action for failure to pay the filing fees required by 28 U.S.C. § 1914(a) and/or failure to properly move to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), Plaintiff filed a motion to proceed in forma pauperis ("IFP"). (Doc. Nos. 3–4.)

## I.     Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). A prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1) & (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

In support of his IFP motion, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report and Prison Certificate attested to by a CDCR trust account official. (Doc. No. 4 at 4.) The document shows he had an average monthly balance of $59.06 and average monthly deposits of $49.84, with an available balance of $10.00. *Id*. Therefore, the Court **GRANTS** Plaintiff's motion to proceed IFP and assesses an initial partial filing fee of $11.81, *but the initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed*. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based

25-cv-2158-AJB-DEB

solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.") Plaintiff is required to pay the balance of the $350 filing fee required by 28 U.S.C. § 1914 pursuant to the installment payment provisions of 28 U.S.C. § 1915(b)(1).

## II.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A.    Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quote marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right

3

secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.    Allegations in the Complaint

Plaintiff alleges that on July 27, 2022, Defendant Patricio "made a racially discriminatory remark" when he told Plaintiff to go to work "by stating it's 'chicken on the bone' insinuating Black people love chicken," and Defendant Valencia subsequently repeated Patricio's statement over the public announcement system. (Doc. No. 1 at 4.) Plaintiff alleges the statement was "racially discriminatory and embarrassing and hurtful" and caused him "mental anguish & emotional distress" given he was already suffering from PTSD, anguish and distress from a prior beating he suffered at the hands of correctional officers. (*Id.*) Plaintiff alleges this incident also "exacerbated those already serious mental health issues under the Americans with Disabilities Act because he was already a protected member under ADA." (*Id.* at 5.) Plaintiff "believes and alleges here that this incident was retaliatory in nature stemming from prior grievances and legal actions filed against CDCR" and notes "CDCR sustained the incident in its administrative investigation but failed to take meaningful corrective action." (*Id.* at 7.)

Plaintiff alleges violations of due process and equal protection under the Fourteenth Amendment, cruel and unusual punishment under the Eighth Amendment, retaliation under the First Amendment and ADA violations under Title II. (*Id.* at 3, 8.) Plaintiff also alleges Defendants violated the Bane Act. (*Id.* at 8.) Plaintiff seeks to proceed against Defendants Patricio and Valencia in their individual and official capacities and against Defendant CDCR in its official capacity. (*See id.* at 2–3.) Plaintiff seeks monetary damages, declaratory relief acknowledging the Defendants' violation of his rights, and injunctive relief "mandating that CDCR implement anti-retaliation training and monitor racial harassment & provide mental support when these things occur." (*Id.* at 5.)

///

///

**C.     Discussion**

As an initial matter, Plaintiff may not proceed against Defendant CDCR on his First, Eighth, and Fourteenth Amendment claims because CDCR is not a "person" subject to suit under § 1983. *See Devereaux*, 263 F.3d at 1074 (Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights."); *see Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); *see also Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) ("State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute.") (citing *Will*, 491 U.S. at 70).

Nor may Plaintiff proceed with a claim for damages against CDCR or any of the Defendants in their "official capacity" because such claims are barred under the Eleventh Amendment. Absent "a waiver by the state or a valid congressional override," *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999), "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Department of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." *Dittman*, 191 F.3d at 1025–26; *see Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit.") Accordingly, the Court dismisses CDCR as a Defendant with respect to Plaintiff's First, Eighth, and Fourteenth Amendment claims for damages. The Court also dismisses all three Defendants to the extent Plaintiff seeks damages from them in their official capacities, with the exception of the ADA claim discussed in more detail below. The Court will proceed to consider Plaintiff's remaining claims against the named Defendants.

1.     Fourteenth Amendment Due Process and Equal Protection

Plaintiff alleges Defendants Patricio and Valencia intentionally discriminated

25-cv-2158-AJB-DEB

against him based on race in violation of his Fourteenth Amendment rights to due process and equal protection. (Doc. No. 1 at 3–5, 7–8.)

The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Liberty interests protected by the Due Process Clause for incarcerated persons "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Meanwhile, "[t]he Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (citation omitted).

Plaintiff first fails to state facts which plausibly allege he was deprived of a protected liberty interest and instead only offers a vague and conclusory assertion that his due process rights were violated. (*See* Doc. No. 1 at 3.) To the extent Plaintiff's contention appears to be based solely on the Defendants' verbal remarks, he fails to state a Fourteenth Amendment due process violation, as "courts have held that verbal harassment, including abuse or threats, without more, is not cognizable under a § 1983 claim based on the Fourteenth Amendment." *Thomas v. Gore*, 2019 WL 927771, at *5 (S.D. Cal. Feb. 27, 2019) (collecting cases); *see also generally Sandin*, 515 U.S. at 480 ("The Due Process Clause standing alone confers no liberty interest in freedom from state action taken 'within the sentence imposed.'") (additional citations and quote marks omitted).

25-cv-2158-AJB-DEB

Nor do Plaintiff's allegations plausibly state an equal protection claim under the Fourteenth Amendment. Plaintiff does set forth facts alleging membership in a protected class, as he asserts Defendants' comments were made because of his race. (*See* Doc. No. 1 at 4); *see e.g.*, *Fields v. Legacy Health System*, 413 F.3d 943, 955 (9th Cir. 2005) (noting that "race, alienage, national origin, or sex" are examples of "protected characteristics" for purposes of equal protection review). However, Plaintiff fails to allege any facts plausibly connecting the asserted statements to any discriminatory *conduct* or *action* by any Defendant. In order for Plaintiff to state an equal protection claim under section 1983, he must show that a Defendant "*acted* with an intent or purpose to discriminate against him based upon his membership in a protected class." *Serrano*, 345 F.3d at 1082 (citation omitted) (emphasis added). Plaintiff's Complaint fails to allege that any Defendant took action to discriminate against him based on race and again, "verbal harassment, including abuse or threats, without more, is not cognizable under a § 1983 claim based on the Fourteenth Amendment." *Thomas*, 2019 WL 927771, at *5 (collecting cases).

Accordingly, Plaintiff's Fourteenth Amendment due process and equal protection claim is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim.

### 2.    Eighth Amendment Claim

While Plaintiff indicates he alleges an Eighth Amendment claim (*see* Doc. No. 1 at 3), he does not appear to specifically articulate or allege how Defendant Patricio's and/or Valencia's actions constituted cruel and unusual punishment. Instead, Plaintiff appears to only generally contend that "Defendants['] actions were outrageous and intended to cause emotional harm, resulting in severe distress." (*Id.* at 8.) To the extent Plaintiff asserts the Defendants' actions in making the contested remarks, which Plaintiff claims "caus[ed] emotional distress and psychological harm" (*id.* at 7), were violative of the Eighth Amendment, Plaintiff fails to state a claim.

"[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v.*

7

*Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, Plaintiff must allege the prison official had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 302–03). A prison official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff's allegations are insufficient to state an Eighth Amendment violation because he fails to plausibly allege a deprivation that was "objectively, 'sufficiently serious,'" or that either Defendant had a "sufficiently culpable state of mind." *Id.* at 834 (quoting *Wilson*, 501 U.S. at 298). Nor does Plaintiff set forth any facts plausibly alleging that he suffered a sufficiently serious *physical* injury due to a Defendant's deliberate indifference to the substantial or excessive risk of serious harm. *See Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002) (holding that the PLRA "requires a prior showing of physical injury that need not be significant but must be more than *de minimis*."); *see also Goode v. Canedo*, S.D. Cal. Case No. 21-cv-2054-GPC-KSC, 2022 WL 16753312, at *6 (S.D. Cal. Nov. 7, 2022) ("The threshold of physical injury necessary is not specified in the PLRA, but courts have interpreted this to require physical injury more than *de minimis*.") (citing *Oliver*, 289 F.3d at 628 (9th Cir. 2002)). Plaintiff instead alleges Defendants' verbal remarks caused "emotional distress and psychological harm," (Doc. No. 1 at 7), which do not suffice to state a claim. *See Oliver*, 289 F.3d at 627; *see also Watison*, 668 F.3d at 1113 ("'[T]he exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons' of which 'we do not approve,' but which do not violate the Eighth Amendment.") (quoting *Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997)).

Accordingly, Plaintiff's Eighth Amendment claim is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim.

        3.    First Amendment Retaliation Claim

Plaintiff alleges Defendants Patricio and Valencia "retaliated against Plaintiff for

exercising his right to file grievances of redress to the courts, violating his First Amendment rights because their (CDCR's) abuse continued, after previous incidents." (Doc. No. 1 at 8.) Plaintiff states that he "believes and alleges here that this incident was retaliatory in nature stemming from prior grievances and legal actions filed against CDCR." (*Id.* at 7.)

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison*, 668 F.3d at 1114. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (2005).

Here, Plaintiff's allegations of verbal harassment again do not suffice to state a claim cognizable under 42 U.S.C. § 1983. *See e.g. Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) ("'Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'") (quoting *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)). Moreover, while Plaintiff indicates he "believes and alleges" that Defendants' comments were retaliatory, he also fails to state any facts which plausibly allege that the Defendants were both aware of his prior grievances and/or legal actions and that any Defendant took an adverse action against Plaintiff *because of* his exercise of that protected conduct. *See Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("[M]ere speculation that defendants acted out of retaliation is not sufficient."); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see e.g.*, *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) ("[A] plaintiff alleging retaliation for the exercise of constitutionally protected rights must initially show that the protected conduct was a 'substantial' or 'motivating' factor in the defendant's decision.") (quoting *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). If Plaintiff wishes to proceed with a 42 U.S.C. § 1983 claim

25-cv-2158-AJB-DEB

based on retaliation, he must set forth facts which plausibly allege a Defendant took an adverse action because of his protected conduct which chilled his exercise of his First Amendment rights and which did not reasonably advance a legitimate correctional goal. *Rhodes*, 408 F.3d at 567–68.

Accordingly, Plaintiff's First Amendment retaliation claim is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim.

### 4.   ADA Claim

Plaintiff next asserts a violation of the ADA. (Doc. No. 1 at 3, 5, 7–8.) First, to the extent he seeks to proceed against all three named Defendants, Plaintiff may not pursue an ADA claim against either Defendants Patricio or Valencia in their individual capacities, only in their official capacities. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in [their] individual capacity to vindicate rights created by Title II of the ADA . . ."); *see also Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) ("The ADA applies only to public entities . . ."); *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1188 ("Title II's statutory language does not prohibit [] injunctive action against state officials in their official capacities.").

Plaintiff may pursue an ADA claim for damages against CDCR. *See United States v. Georgia*, 546 U.S. 151, 154 (2006) ("Title II [of the ADA] authorizes suits by private citizens for money damages against public entities that violate § 12132.") (additional citations omitted). To state a claim under the ADA, however, Plaintiff must allege:

> (1) he 'is an individual with a disability;' (2) he 'is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;' (3) he 'was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;' and (4) 'such exclusion, denial of benefits, or discrimination was by reason of (his) disability.'

*O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060 (9th Cir. 2007) (citations omitted).

Here, Plaintiff generally alleges that "[t]his incident exacerbated those already

10

serious mental health issues under the Americans with Disabilities Act because he was already a protected member under ADA" and "CDCR failed to provide reasonable accommodations after the incident in violation of ADA rules of an already protected individual under the ADA." (Doc. No. 1 at 5, 8.) Even assuming without deciding that Plaintiff's assertion he suffers from PTSD and other mental health issues (*see e.g.*, *id.* at 5) is sufficient to plausibly allege he is an individual with a disability under the first element, Plaintiff nonetheless does not satisfy the remainder of the requisite elements, as he offers only a vague and conclusory contention that CDCR "failed to provide reasonable accommodations after the incident." (*Id.* at 8.) Thus, Plaintiff's ADA claim fails because he does not offer facts plausibly alleging what, if any, accommodations were not provided, nor does he allege that the CDCR's failure to provide any such accommodations was done "by reason of" his disability. *O'Guinn*, 502 F.3d at 1060.

Accordingly, Plaintiff's ADA claim is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim.

### 5. Bane Act

Plaintiff also raises a state law claim, alleging a violation of the Bane Act, Cal. Civ. Code § 52.1 arising from the Defendants' "interfering with Plaintiff's constitutional rights through intimidation and racial harassment." (Doc. No. 1 at 8.) "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Yet here, because the Court has dismissed all of Plaintiff's federal claims from the instant civil action, the Court declines to exercise supplemental jurisdiction over this state law claim. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if– . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . .").

The Court further notes that "[t]he elements of a Bane Act claim are essentially

25-cv-2158-AJB-DEB

identical to the elements of a § 1983 claim, with the added requirement that the government official had a 'specific intent to violate' a constitutional right." *Hughes v. Rodriguez*, 31 F.4th 1211, 1224 (9th Cir. 2022) (quoting *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018)). In addition, to state a Bane Act claim against a public entity or employee, a plaintiff must first comply with California's Government Claims Act ("CGCA") presentation requirement. *See State of Calif. v. Super. Court ("Bodde")*, 32 Cal. 4th 1234, 1239 (Cal. 2004) (citing Cal. Gov't § 900, *et seq.*). To do so, a plaintiff must specifically allege compliance with the CGCA in their pleading. *See id.* at 1237, 1240.

Here, even if the Court were inclined to exercise supplemental jurisdiction, because the requisite elements of a Bane Act claim are "essentially identical" to those of a § 1983 claim, as currently pleaded, Plaintiff does not state a claim for relief under the Bane Act given he has failed to state a claim for relief as to any of his § 1983 claims. *See Hughes*, 31 F.4th at 1224. Furthermore, it does not appear that Plaintiff has alleged either facts showing compliance with the CGCA or facts that would excuse compliance, as necessary to state a Bane Act claim in federal court. *See Bodde*, 32 Cal. 4th at 1239 ("[F]ailure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action."); *see e.g.*, *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988) ("Karim–Panahi's pendent state law tort claims against both the individual and public entity defendants are barred unless he presented them to the City and the LAPD before commencing suit."); *Mangold v. California Public Utilities Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).

### D.   Leave to Amend

In light of Plaintiff's pro se status, the Court grants him leave to amend to attempt to sufficiently allege a claim if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

25-cv-2158-AJB-DEB

## III.   Conclusion and Orders

Accordingly, good cause appearing, the Court:

1)   **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 4).

2)   **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $11.81 initial filing fee assessed, *if those funds are available at the time this order is executed*, and forward whatever balance remains of the $350 owed in monthly payments in an amount equal to twenty (20%) percent of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10.00 pursuant to 28 U.S.C. § 1915(b)(2).

3)   **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4)   **DISMISSES** Plaintiff's Complaint in its entirety for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

5)   **GRANTS** Plaintiff **forty-five (45) days** leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (claims which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring

13

amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  March 26, 2026

Hon. Anthony J. Battaglia
United States District Judge

25-cv-2158-AJB-DEB