UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JAKAN MILLS,
CDCR #P11240,

Plaintiff,

vs.

CORRECTIONAL OFFICER PATRICIO; CORRECTIONAL OFFICER VALENCIA; AND CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,

Defendants.

Case No.: 25-cv-02158-AJB-DEB

**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

## I. Procedural Background

Plaintiff Jakan Mills, a state inmate currently incarcerated at Richard J. Donovan Correctional Facility ("RJD"), proceeding pro se, initiated this civil rights action by filing a Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) After the Court initially dismissed the action for failure to pay the filing fees required by 28 U.S.C. § 1914(a) and/or failure to properly move to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), Plaintiff filed a motion to proceed in forma pauperis ("IFP"). (Doc. Nos. 3–4.) On March 26, 2026, the Court granted Plaintiff's motion to proceed IFP, screened and dismissed the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failing to state a claim upon which

relief may be granted, notified Plaintiff of the deficiencies of his pleading, and granted leave to amend. (Doc. No. 5.) Plaintiff has now filed a First Amended Complaint ("FAC"). (Doc. No. 6.)

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quote marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation

of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B. Allegations in the FAC**

Plaintiff alleges that on July 27, 2022, Defendants RJD correctional officers Valencia and Patricio "made racially discrimina[]t[o]ry statements" when Patricio told Plaintiff to "report to his assigned kitchen job because the menu had 'chicken on the bone' insinuating that Black people love chicken," and Valencia subsequently repeated Patricio's statement over the public announcement system. (Doc. No. 6 at 1, 4.) Plaintiff contends these statements were "racially discriminatory and embarrassing and hurtful" and caused him "mental anguish and emotional distress" given he was already suffering from PTSD, mental anguish and emotional distress from a beating he suffered at the hands of correctional officers in a prior incident and asserts "[t]his racially abusive conduct was malicious and sadistic which caused loss of dignity and emotional scars." (*Id.* at 4.) Plaintiff further contends Defendant California Department of Corrections and Rehabilitation ("CDCR") "fail[ed] to train their officers about racial discrimination with[]in the CDCR public entity" and "fail[ed] to set in place adequate training and oversight that would prevent its officers from racially discriminatory practices" such as the incident at issue here. (*Id.* at 5–6.)

Plaintiff alleges violations of due process and equal protection under the Fourteenth Amendment, cruel and unusual punishment under the Eighth Amendment, retaliation under the First Amendment, ADA violations under Title II, and violations of 42 U.S.C. § 1981. (*Id.* at 3–6.) Plaintiff seeks to proceed against Defendants Patricio and Valencia in their individual capacities and against Defendant CDCR in its official capacity. (*See id.* at 2–3.) Plaintiff seeks monetary damages and additionally seeks injunctive relief both preventing the named Defendants "from any future racial discriminatory practices which are prohibited by Civil Rights of 1981 under racial discrimination" and generally "prohibiting racial discrimination." (*Id.* at 8.)

**C. Discussion**

First, as the Court noted in the prior dismissal Order (*see* Doc. No. 5 at 5), Plaintiff may not proceed against Defendant CDCR on his First, Eighth, and Fourteenth Amendment claims because CDCR is not a "person" subject to suit under § 1983. *See Devereaux*, 263 F.3d at 1074 (Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights."); *see Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); *see also Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) ("State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute.") (citing *Will*, 491 U.S. at 70). Moreover, as a state agency, CDCR is similarly not subject to suit under § 1981. *See Pittman v. Oregon, Employment Dept.*, 509 F.3d 1065, 1074 (9th Cir. 2007) (affirming dismissal of § 1981 action against state agency, holding that "§ 1981 does not contain a cause of action against states.")

As also noted in the prior dismissal Order, nor may Plaintiff proceed with a claim for damages against Defendant CDCR because such claims are barred under the Eleventh Amendment. (*See* Doc. No. 5 at 5, citing *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999) and *Aholelei v. Department of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007)). Again, "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." *Dittman*, 191 F.3d at 1025–26; *see Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit.")

Accordingly, the Court dismisses CDCR as a Defendant with respect to Plaintiff's section 1981 claim and with respect to his First, Eighth, and Fourteenth Amendment claims for damages, with the exception of the ADA claim as noted below. The Court will proceed to consider Plaintiff's claims against the remaining named Defendants.

///

1. Fourteenth Amendment Due Process and Equal Protection Claims

Plaintiff alleges Defendants Patricio and Valencia intentionally discriminated against him based on race in violation of his Fourteenth Amendment rights to due process and equal protection. (Doc. No. 6 at 3, 5.)

First, with respect to the due process aspect of this claim, as Plaintiff was instructed in the prior dismissal Order (*see* Doc. No. 5 at 6), liberty interests protected by the Due Process Clause for incarcerated persons "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Here, Plaintiff fails to plausibly allege a due process claim, as he again appears to offer only a vague and conclusory assertion that his due process rights were violated. (*See* Doc. No. 6 at 3.) Given Plaintiff's claim again appears to be based entirely on the Defendants' remarks, he fails to state a Fourteenth Amendment due process violation for the reasons previously stated. (*See* Doc. No. 5 at 6, noting "courts have held that verbal harassment, including abuse or threats, without more, is not cognizable under a § 1983 claim based on the Fourteenth Amendment." *Thomas v. Gore*, 2019 WL 927771, at *5 (S.D. Cal. Feb. 27, 2019) (collecting cases); *see also generally Sandin*, 515 U.S. at 480 ("The Due Process Clause standing alone confers no liberty interest in freedom from state action taken 'within the sentence imposed.'") (additional citations and quote marks omitted).)

Next, with respect to the equal protection aspect of this claim, as the Court previously instructed (*see* Doc. No. 5 at 7), "[t]o state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (citation omitted).

///

Upon review, Plaintiff again fails to plausibly state an equal protection claim under the Fourteenth Amendment. Here again, as he previously did (*see* Doc. No. 5 at 7), Plaintiff sets forth facts alleging membership in a protected class, as he asserts Defendants' comments were made because of his race. (*See* Doc. No. 6 at 5); *see e.g. Fields v. Legacy Health System*, 413 F.3d 943, 955 (9th Cir. 2005) (noting that "race, alienage, national origin, or sex" are examples of "protected characteristics" for purposes of equal protection review). But Plaintiff again fails to allege any facts plausibly connecting the asserted statements to any discriminatory *conduct* or *action* by any Defendant. As the Court previously instructed (*see* Doc. No. 5 at 7), to state an equal protection claim under section 1983, Plaintiff must show that a Defendant "*acted* with an intent or purpose to discriminate against him based upon his membership in a protected class." *Serrano*, 345 F.3d at 1082 (citation omitted) (emphasis added). Rather than articulating any conduct or action, Plaintiff now appears to simply offer a vague and conclusory contention that the Defendants' verbal remarks themselves amounted to "racially abusive conduct." (Doc. No. 6 at 4.) The fact remains that Plaintiff again fails to allege that any Defendant took *action* to discriminate against him based on race and the Court reiterates that "verbal harassment, including abuse or threats, without more, is not cognizable under a § 1983 claim based on the Fourteenth Amendment." *Thomas*, 2019 WL 927771, at *5 (collecting cases).

Accordingly, Plaintiff's Fourteenth Amendment due process and equal protection claims are again dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim.

2. Eighth Amendment Claim

Plaintiff next alleges an Eighth Amendment claim, asserting Defendant Patricio and Valencia's "racially coded teasing was cruel & unusual punishment because it caused [Plaintiff] mental anguish and emotional distress" and asserts "[t]his racially abusive conduct was malicious and sadistic which caused loss of dignity and emotional scars to Plaintiff." (Doc. No. 6 at 4.)

///

As Plaintiff was instructed in the prior dismissal Order (*see* Doc. No. 5 at 7–8), "a prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious,'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and the Plaintiff must also allege the prison official had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 302–03). Again, "[a] prison official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff's allegations in the FAC are insufficient to state a federal constitutional violation under the Eighth Amendment because he again fails to plausibly allege a deprivation that was "objectively, 'sufficiently serious,'" or that either Defendant had a "sufficiently culpable state of mind," *id.* at 834, quoting *Wilson*, 501 U.S. at 298, and Plaintiff again also fails to set forth any facts plausibly alleging that he suffered a sufficiently serious *physical* injury due to a Defendant's deliberate indifference to the substantial or excessive risk of serious harm. *See Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002) (holding that the PLRA "requires a prior showing of physical injury that need not be significant but must be more than *de minimis*."); *see also Goode v. Canedo*, S.D. Cal. Case No. 21-cv-2054-GPC-KSC, 2022 WL 16753312, at *6 (S.D. Cal. Nov. 7, 2022) ("The threshold of physical injury necessary is not specified in the PLRA, but courts have interpreted this to require physical injury more than *de minimis*.") (citing *Oliver*, 289 F.3d at 628 (9th Cir. 2002)).

Despite the Court's previous instruction that allegations of mental and emotional distress were insufficient to state a claim (*see* Doc. No. 5 at 8), Plaintiff again simply alleges Defendants' verbal remarks caused "mental anguish and emotional distress" and "loss of dignity and emotional scars," (Doc. No. 6 at 4), which do not suffice to state a claim. *See Oliver*, 289 F.3d at 627; *see also Watison*, 668 F.3d at 1113 ("'[T]he exchange

of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons' of which 'we do not approve,' but which do not violate the Eighth Amendment.") (quoting *Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997)).

Accordingly, Plaintiff's Eighth Amendment claim is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim.

3. <u>42 U.S.C. § 1981 Racial Discrimination Claim</u>

Plaintiff next alleges "CDC[]R violated 42 U.S.C 1981 Civil Rights of racial discrimination by failing to set in place adequate training and oversight that would prevent its officers from racially discriminatory practices against protected class individuals" such as himself. (Doc. No. 6 at 6.)

Upon review of the FAC and as an initial matter, Plaintiff only appears to make specific allegations against Defendant CDCR, who for the reasons discussed above has been dismissed as a Defendant as to this claim. Even to the extent the Court were inclined to consider this claim as alleged against the remaining Defendants, Plaintiff fails to state a claim for relief for the reasons discussed below.

Section 1981 provides in relevant part: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981. Specifically, "[s]ection 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship," *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006), and the Supreme Court has further clarified that "nothing in the text of § 1981 suggests that it was meant to provide an omnibus remedy for *all* racial injustice" and has cautioned that "[t]rying to make it a cure-all not only goes beyond any expression of congressional intent but would produce satellite § 1981 litigation of immense scope." *Id.* at 479.

Here, Plaintiff does not allege racial discrimination with respect to the making or enforcement of any contract. Rather, Plaintiff appears to seek redress for general racial discrimination, which does not fall within the ambit of § 1981. *See id.* Plaintiff attempts to generally contend he was "denied [] access" to "discrimination free rehabilitation programs and rehabilitative services" and "mental health programs and services" but does not allege racial discrimination in either the making or enforcement of any contract relating to those programs, and instead alleges the programs themselves were not "discrimination free." (Doc. No. 6 at 6.) Given Plaintiff not only fails to allege any facts that would appear to give rise to any contractual relationship, much less one between him and Defendants Patricio and Valencia rather than the dismissed Defendant CDCR, Plaintiff fails to plausibly state a claim for relief under § 1981.

Accordingly, Plaintiff's § 1981 racial discrimination claim is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim.

4. First Amendment Retaliation and ADA Claims

While Plaintiff indicates he again alleges a First Amendment claim and a claim alleging ADA violations under Title II (*see* Doc. No. 6 at 3), he does not appear to specifically articulate any facts in support of either contention, as the only enumerated claims in the FAC are the three claims discussed above. (*See generally* Doc. No. 6.)

To the extent Plaintiff seeks to allege a First Amendment retaliation claim, he fails to state a claim for the reasons stated in the Court's prior dismissal order. (*See* Doc. No. 5 at 9–10.) That is, Plaintiff again fails to set forth facts which plausibly allege any Defendant took an adverse action because of his protected conduct which chilled his exercise of his First Amendment rights, and which did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (2005).

To the extent Plaintiff again seeks to allege an ADA claim, he fails to allege facts giving rise to a plausible claim for relief. While Plaintiff may pursue an ADA claim for damages against CDCR for the reasons outlined in the Court's prior dismissal Order (*see* Doc. No. 5 at 10, citing *United States v. Georgia*, 546 U.S. 151, 154 (2006)), Plaintiff was

also previously instructed in that same dismissal Order (*see id.*), to state a claim under the ADA, he must allege:

> (1) he 'is an individual with a disability;' (2) he 'is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;' (3) he 'was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;' and (4) 'such exclusion, denial of benefits, or discrimination was by reason of (his) disability.'

*O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060 (9th Cir. 2007) (citations omitted).

Here, Plaintiff fails to satisfy any of the requisite elements, as he not only fails to plausibly allege in the FAC he is an individual with a disability, but he also fails to satisfy any of the remaining elements. Namely, Plaintiff does not offer facts plausibly alleging what, if any, accommodations were not provided, nor does he allege that the CDCR's failure to provide any such accommodations was done "by reason of" his disability. *Id.*

Plaintiff's First Amendment retaliation and ADA claims are again dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim.

**D. Leave to Amend**

In light of Plaintiff's pro se status, the Court grants him leave to amend to attempt to sufficiently allege a claim if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

## III. Conclusion and Orders

Accordingly, the Court:

(1) **DISMISSES** Plaintiff's FAC in its entirety for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

(2) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a Second Amended Complaint which cures all the deficiencies of pleading

noted. Plaintiff's Second Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Second Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (claims which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to file his Second Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated: July 24, 2026

Hon. Anthony J. Battaglia
United States District Judge