UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKAN MILLS,<br>CDCR #P11240,<br>Plaintiff,<br>vs.<br>CORRECTIONAL OFFICER PATRICIO; CORRECTIONAL OFFICER VALENCIA; AND CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br>Defendants. | Case No.: 25-cv-2158-AJB-DEB<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b) AND FOR FAILURE TO PROSECUTE** |

On August 20, 2025, Plaintiff Jakan Mills, a state inmate currently incarcerated at Richard J. Donovan Correctional Facility ("RJD"), proceeding pro se, initiated this civil rights action by filing a Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) After the Court initially dismissed the action for failure to pay the filing fees required by 28 U.S.C. § 1914(a) and/or failure to properly move to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), Plaintiff filed a motion to proceed in forma pauperis ("IFP"). (Doc. Nos. 3; 4.) On March 26, 2026, the Court granted Plaintiff's motion to proceed IFP, screened and dismissed the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failing to state a claim upon which relief may be granted, notified Plaintiff of the deficiencies of his pleading, and granted leave to amend. (Doc. No. 5.) On May 15, 2026, Plaintiff filed a

First Amended Complaint ("FAC"). (Doc. No. 6.) On July 24, 2026, the Court screened and dismissed the FAC pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), again notified Plaintiff of the pleading deficiencies, and granted leave to amend on or before September 8, 2026. (Doc. No. 7.) Plaintiff was also informed that if he failed to file a Second Amended Complaint within the time provided the Court would enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. (*Id.* at 10–11 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")).)

To date, Plaintiff has not filed an amended complaint or otherwise contacted the Court. "The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (the court has discretion to *sua sponte* dismiss a case for lack of prosecution or failure to comply with a court order); *see also* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal for failure to prosecute or comply with the federal rules or court order).

Accordingly, the Court **DISMISSES** this action without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and for failure to prosecute. The Court **DIRECTS** the Clerk to enter final judgment accordingly and close the file.

**IT IS SO ORDERED**.

Dated: October 8, 2026

Hon. Anthony J. Battaglia
United States District Judge