UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKAN MILLS, CDCR #P11240, Plaintiff, vs. CORRECTIONAL OFFICER PATRICIO and CORRECTIONAL OFFICER VALENCIA; Defendants. | Case No.: 25-cv-02158-AJB-DEB **ORDER:** **(1) CONSTRUING IN PART SECOND AMENDED COMPLAINT (Doc. No. 10) AS MOTION FOR RECONSIDERATION OR RELIEF FROM JUDGMENT;** **(2) DENYING MOTION FOR RECONSIDERATION OR RELIEF FROM JUDGMENT** |

## I. Procedural Background and Petitioner's Recent Filing

On August 20, 2025, Plaintiff Jakan Mills, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) After the Court initially dismissed the action for failure to either pay the requisite filing fees and/or to properly move to proceed in forma pauperis ("IFP"), Plaintiff filed an IFP motion. (Doc. Nos. 3–4.) On March 26, 2026, the Court granted Plaintiff's IFP motion, screened and dismissed the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failing to state a claim upon which relief may be granted, notified Plaintiff of the deficiencies of his pleading, and granted leave to amend. (Doc. No. 5.) On May 15, 2026, Plaintiff filed a First Amended Complaint ("FAC"). (Doc. No. 6.) On July 24, 2026, the Court screened and dismissed the

FAC pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), again notified Plaintiff of the pleading deficiencies, granted leave to amend on or before September 8, 2026, and notified Plaintiff that a failure to file a timely second amended complaint could result in the Court dismissing the action for failure to prosecute and failure to state a claim. (Doc. No. 7 at 10–11.) On October 8, 2026, not having received any communication from Plaintiff, the Court dismissed the action without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and for failure to prosecute and the Clerk entered judgment accordingly. (*See* Doc. Nos. 8–9.)

On October 13, 2026, Plaintiff filed a Second Amended Complaint ("SAC").[1] (*See* Doc. No. 10.) Given Plaintiff's pro se status, the Court liberally **CONSTRUES** the SAC in part as a motion for reconsideration or relief from the Court's October 8, 2026, judgment of dismissal.[2] *See Henry v. Adventist Health Castle Medical Center*, 970 F.3d 1126, 1133 n. 5 (9th Cir. 2020) ("'[O]nce judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60.'") (quoting *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996)).

## II. Discussion

A motion for reconsideration of a Court's final judgment or order may be based on Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). *See School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) ("A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from

---

[1] While the SAC was postmarked on October 8, 2026 (*see* Doc. No. 10 at 8), the same day judgment was entered, Plaintiff's signature is dated September 27, 2026. (*See id.* at 7.) Despite the absence of any proof of service reflecting when Plaintiff handed this document to officials for mailing to the Court, both available dates are well after the September 8, 2026, deadline set out in the Court's July 24, 2026, Order. (*See* Doc. No. 7 at 10–11.)

[2] *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))).

judgment).") A motion for reconsideration filed within 28 days of the final order resulting in judgment should be construed as a motion under Rule 59(e), while motions filed more than 28 days after judgment should be construed as filed under Rule 60(b). *See Rishor v. Ferguson*, 822 F.3d 482, 489–90 (9th Cir. 2016) (citing *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001)). The Local Rules of this District also provide for motions for reconsideration in relevant part "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, . . ." S.D. Cal. CivLR 7.1.i.1. Here, Plaintiff's motion for reconsideration or relief is timely considered under both Federal Rule of Civil Procedure 59(e) and Local Rule 7(i) because it was submitted within 28 days of entry of judgment. *See Rishor*, 822 F.3d at 489–90; *see also* S.D. Cal. CivLR 7.1.i.2.

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (per curiam)). "District courts have 'considerable discretion' in deciding Rule 59(e) motions." *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (quoting *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)).

Here, Plaintiff has simply submitted an untimely SAC and does not offer any explanation for the late filing nor articulate any basis for reconsideration of or relief from the Court's October 8, 2026, judgment of dismissal. (*See* Doc. No. 10.) Because, upon review, Plaintiff has not attempted to satisfy any of the grounds upon which this motion could be entertained, relief is not warranted under Rule 59(e). Nor does Plaintiff demonstrate entitlement to reconsideration pursuant to Local Rule 7.1(i), as he has not articulated "what new or different facts and circumstances are claimed to exist which did

not exist, or were not shown, upon such prior application." S.D. Cal. CivLR 7.1.i.1. Instead, Plaintiff simply seeks to belatedly amend the complaint.

Even to the extent the Court were inclined to grant reconsideration and accept the SAC for filing despite its untimeliness, it is apparent the SAC would in any event warrant dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failing to state a claim upon which relief may be granted. Upon review of the SAC, Plaintiff has, at a minimum, again failed to set forth any facts which plausibly allege that he suffered a sufficiently serious physical injury due to a Defendant's deliberate indifference to the substantial or excessive risk of serious harm and instead of attempting to remedy this previously-identified pleading deficiency, Plaintiff simply repeats his allegations that Defendants' verbal remarks were "embarrassing and hurtful" and caused him "mental anguish" and "emoti[o]nal distress," which the Court previously found failed to state a claim. (*See* Doc. No. 7 at 7–8 (citing *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002) (holding that the PLRA "requires a prior showing of physical injury that need not be significant but must be more than de minimis.")).) *See also Watison v. Carter*, 668 F.3d 1108 1113 (9th Cir. 2012) ("'[T]he exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons' of which 'we do not approve,' but which do not violate the Eighth Amendment." (quoting *Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997))).

## III. Conclusion and Order

For the reasons discussed above, the Court **CONSTRUES** Plaintiff's SAC (Doc. No. 10) in part as a motion for reconsideration or relief from the Court's October 8, 2026, judgment of dismissal and **DENIES** Plaintiff's motion for reconsideration or relief from judgment. The instant case will remain closed.

**IT IS SO ORDERED**.

Dated: October 20, 2026

Hon. Anthony J. Battaglia
United States District Judge